UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DUANE P. GIBSON,

    Plaintiff,

    v.

CHIEF JUSTICE
MAUREEN O'CONNOR, *et al.*,

    Defendants.

Civil Action 2:12-cv-120
Judge James L. Graham
Magistrate Judge E.A. Preston Deavers

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Duane P. Gibson, who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against the following Defendants in their individual capacity: Maureen O'Connor, Chief Justice of the Ohio Supreme Court and former Summit County Prosecutor; Sherri B. Walsh, Summit County Prosecutor; Richard S. Kasay, Summit County Assistant Prosecutor; Tammy O'Brien, Summit County, Ohio Court of Common Pleas; Paul E. Pfeifer, Ohio Supreme Court Justice; John R. Kasich, Ohio Governor; Robert Blair, Ohio Department of Administrative Services ("DAS") employee; Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Correction; Lora Heiss, Quality Assurance Division employee at the Ohio Bureau of Sentence Computation ("BOSC"); John/Jane Doe, BOSC Director; Robert Blair, DAS Director; Daniel H. Horrigan, Summit County Clerk of Courts; Sheila R. Henderson, Cashier Supervisor at Richland Correctional Institution ("RCI"); Kelly Roes, RCI employee; John/Jane Doe, Ohio Department of Rehabilitation and Correction ("ODRC") Office of the Chief Inspector employee; and John/Jane Doe, ODRC Assistant Chief

Inspector. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety.

## I. BACKGROUND

In March 2000, a Summit County Grand Jury indicted Plaintiff for arson and burglary. *State v. Gibson*, No. 21838, 2004 WL 1103943, at *1 (Ohio App. 9 Dist. May 19, 2004).[1] Plaintiff initially pleaded not guilty to arson and burglary, and the matter proceeded to a jury trial. *Id*. During the trial, with counsel, Plaintiff changed his plea to guilty for both charges. *Id*. The state trial court sentenced Plaintiff to a term of fourteen years imprisonment. *Id*. The state court of appeals upheld Plaintiff's convictions, but remanded the case for resentencing based upon its determination that the trial court improperly imposed post-release control. *State v. Gibson*, No. 25085, 2011 WL 441687, at *2–3 (Ohio App. 9 Dist. Feb. 9, 2011). Before the resentencing hearing, Plaintiff moved to withdraw his guilty plea. *Id*. The trial court denied his motion and resentenced him to fourteen years in prison. *Id*. Plaintiff again appealed. *Id*. The appellate court affirmed the trial court's denial of Plaintiff's motion to withdraw his guilty plea, but vacated the trial court's resentencing entry to the extent it addressed anything other than post-release control. *Id*.

---

[1] In conducting this Initial Screen, the Court takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of Plaintiff's case history.

In the instant action, Plaintiff asserts that the "Direct Indictment Program" that Summit County employs is unconstitutional because he had not obtained counsel or a copy of the complaint *prior* to his indictment. (Compl. 5–6, ECF No. 1-3.) He also asserts that the Direct Indictment Program violates his constitutional rights and also Ohio Revised Code Section 2937.02 because the state did not hold a preliminary hearing prior to his indictment. (*Id*.)

Plaintiff also alleges that Defendants "maliciously" and "vindictively" prosecuted and sentenced him and that the state court "maliciously" and "vindictively" sentenced him. (*Id*. at 6–8.) He further alleges that Defendants "illegally modified" his sentence. (*Id*. at 8.) It is unclear whether he seeks to challenge his sentence through the instant action.

Finally, Plaintiff alleges that "[D]efendants conspire[d] with each other steal [his] funds." (*Id*.) He explains that his prison account was deducted $73.52 pursuant to the state appellate court's submission of a bill of costs to the prison. He argues the bill of costs that the state appellate court submitted to the prison did not comply with Ohio law, which Plaintiff asserts requires the submission of a certified copy of a court order. (*Id*. at 8–9.) Plaintiff also appears to allege that he did not receive notice of a court-ordered debt. (*See id*. at 9 ("Defendants knew the plaintiff [had] not received a court order ordering the plaintiff to pay a stated cost obligation of $73.12.")) Thus, he maintains that Defendants wilfully and unlawfully took monies from his inmate account without due process.

Plaintiff seeks injunctive and declaratory relief, "unspecified damages," a Court order enjoining Summit County from continuing to employ the Direct Indictment Program and requiring a unspecified training, a Court order enjoining Defendants from stealing funds from Plaintiff's inmate account, and an order requiring the arrest of all Defendants. (*Id*. at 11.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>  \*  \*  \*
>
> (B) the action or appeal--
>
>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and

---

[2]Formerly 28 U.S.C. § 1915(d).

conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### III.

Applying the foregoing, the undersigned recommends dismissal of Plaintiff's Complaint in its entirety.

Although Plaintiff styles this case as a civil rights action under 42 U.S.C. § 1983, to the extent he is challenging the fact or duration of his confinement, his sole remedy in federal court is habeas corpus. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement." (internal quotation marks and citation omitted)). For example, any challenge to Plaintiff's sentence or the validity of his guilty plea must be brought in a habeas action. Thus, to the extent

5

any of Plaintiff's claims challenge the fact or duration of his confinement, it is recommended that the Court dismiss those claims.

In addition, the undersigned recommends dismissal of Plaintiff's malicious prosecution claims as "*Heck*-barred." In *Heck*, the United States Supreme Court held that, in assessing a § 1983 claim, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* The Supreme Court concluded in *Heck* that malicious prosecution claims must be dismissed unless the criminal proceeding terminated in favor of the accused, reasoning that "'to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit.'" *Id*. (quoting (8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)). Thus, in the instant case, Plaintiff cannot proceed with his malicious prosecution claims because he cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486–87.

To the extent that Plaintiff seeks to challenge the constitutionality of Summit County's Direct Indictment Program without challenging the fact or duration of his confinement and without inviting the Court to review the state court's rulings, he has failed to state a claim over which this Court has jurisdiction. This Court has previously explained that direct indictment does not violate the constitution:

> The constitutional purpose of an indictment is to give the defendant fair notice of the criminal charge and to insure that a defendant is not held to answer for a crime unless a grand jury has determined there is probable cause that he committed the crime by returning the indictment. *See, United States v. Pandilidis*, 524 F.2d 644, 648 (6th Cir. 1975). Since petitioner's criminal prosecution proceeded by indictment, he was afforded the constitutional protections an indictment provides.
>
> The term direct indictment simply means that no criminal complaint was first filed against a defendant. There is no constitutional or statutory requirement that a criminal prosecution begin by complaint. It is lawful for a prosecutor to bring a criminal charge initially by indictment.

*Smith v. Miller*, No. 2:09-cv-468, 2009 WL 2246157, *2 (S.D. Ohio July 23, 2009). Likewise, any constitutional challenge to the state court's failure to hold a preliminary hearing fails. *See Zaffino v. Konteh*, No. 5:05-cv-1485, 2006 WL 2360902, at *3–5 (N.D. Ohio Aug. 15, 2006) (concluding that no constitutional due process claim exists where a trial court fails to provide a defendant with a preliminary hearing prior to indicting him).

Further, Defendants O'Connor, Walsh, Kasay, O'Brien, and Pfeifer, all of whom are either members of the judiciary or who prosecuted Plaintiff, are entitled to immunity. Judges and judicial employees acting in a judicial capacity have absolute immunity from suits seeking damages. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 9–12, (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115–16 (6th Cir. 1997). Similarly, a criminal prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate. *Imbler v. Pachtman*, 424 U.S. 409, 410, 430–31 (1976). Here, Plaintiff complains of the official judicial and prosecutorial acts of Defendants O'Connor, Walsh, Kasay, O'Brien, and Pfeifer. Thus, the undersigned recommends that the Court dismiss Plaintiff's claims against these Defendants for this additional reason.

Finally, the undersigned recommends dismissal of Plaintiff's claim for a violation of his

due process rights involving the taking of his inmate account fund monies. Even accepting Plaintiff's allegations as true, he has failed to state a claim upon which relief can be granted because he has not alleged the inadequacy of the remedies available under Ohio law. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984). In *Paratt*, the Supreme Court held that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from the negligent deprivation of a prisoner's property. 451 U.S. at 539–44. The *Hudson* Court extended *Parratt's* application to all § 1983 due process claims involving deprivation of property, regardless of whether the deprivation is negligent or intentional. *Hudson*, 468 U.S. at 533–36. C*f. Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."). Following *Parratt* and *Hudson*, the United States Court of Appeals for the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir.1983). Where a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (dismissal of procedural due process claim upheld where the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . ."); *Ruiz v. Fisher,* No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

In this instant case, Plaintiff has failed to pled that the post-deprivation tort remedies

8

available to him under Ohio law are inadequate to adjudicate his claim as required under *Parratt* and *Vicory*. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses.") Accordingly, the undersigned recommends that the Court dismiss this claim on the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Additionally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 22, 2012                                         /s/ *Elizabeth A. Preston Deavers*
                                                              Elizabeth A. Preston Deavers
                                                              United States Magistrate Judge